## Hale's Estate.   Commonwealth's Appeal.

*Decedents' estates—Collateral inheritance tax—Conversion—Land situated in another state—Act of May 6, 1887.*

Where a testator directs that real estate situated in another state shall be sold after the death of his wife, and that the proceeds thereof shall be invested in mortgages in such state, the proceeds are not subject to the collateral inheritance tax in this state, under the act of May 6, 1887, P. L. 79.

Argued March 28, 1894.   Appeal, No. 244, Jan. T., 1894, by the Commonwealth, from decree of O. C. Phila. Co., Jan. T., 1889, No. 19, dismissing exceptions to adjudication in estate of Samuel Hale, deceased.   Before GREEN, WILLIAMS, MC-COLLUM, MITCHELL and FELL, JJ.   Affirmed.

Exceptions to adjudication of executor's account.

At the audit, before PENROSE, J., it appeared that Samuel Hale, a citizen of this commonwealth, domiciled therein, died May 27, 1888, leaving a will, which was duly admitted to probate, containing, inter alia, the following provision:

"Item, from and after the decease of my said wife, I direct, authorize and empower my said executors, or the survivor of them, to sell and dispose of the whole of my estate, real and personal, either at public or private sale or sales, for cash, or on credit, and to grant, bargain, sell and convey the same unto the purchaser or purchasers thereof, their heirs, executors, administrators or assigns, free of all trusts, and without the purchaser or purchasers being held liable or subject to see to the application of the purchase money thereof respectively; and the proceeds or money arising from such sale or sales I hereby

order and direct my said executors or the survivor of them to invest in good first mortgages at the best interest that can be obtained on good real estate in the city of St. Louis, in the state of Missouri; and the net interest and income arising from the same I order and direct my executors to pay and distribute as follows," etc., i. e., to certain collaterals for life with instructions upon their decease to divide the principal among their children.

After the death of the widow, the executors, who are citizens of Pennsylvania, domiciled therein, sold the real and personal property, and invested the proceeds in mortgages secured upon real estate in St. Louis, as directed, and filed an account of the whole estate with the register of wills of Philadelphia county. The auditing judge declined to award the commonwealth the collateral inheritance tax upon the portion of the estate passing to collaterals for reasons expressed in the following opinion:

" The personal property of the testator was insufficient to pay his debts, and the annuities, so far as they have been paid, were paid from rents of real estate in St. Louis. As the conversion directed by the will was not to take place until the death of the widow, it cannot be said that the testator died 'possessed of personal property,' so far as concerns the proceeds of sale of real estate; and neither the real estate in the meantime nor the proceeds of the subsequent sale fall within the acts of assembly subjecting estates to the payment of collateral inheritance tax. It is true that, by a construction, disapproved of by MITCHELL, J., in Williamson's Estate, 153 Pa. 521, it was held in Com. v. Miller, 111 Pa. 321, that the tax is due where lands in another state are directed by the will to be sold; but there, as in Williamson's Estate, supra, the direction was for an immediate sale and the conversion took effect as of the instant of the testator's death; while in the present case it was not to be until a subsequent date, and it is clear, therefore, that the act does not apply. Acts of legislation imposing taxes are to be construed strictly against the government and most favorably to the taxpayer: Dwarris on Statutes, 742, 749; Gurr v. Sudds, 11 Exch. 190; Doe v. Snaith, 8 Bing. 177; United States v. Wigglesworth, 2 Story, 369; Barnes v. Doe, 4 Ind. 132; United States v. Watts, 1 Bond, 580," etc.

Upon exceptions to the adjudication the court filed the following opinion, by ASHMAN, J.:

" We do not think it necessary to discuss the question of conversion which was raised at the argument. The testator was domiciled in this state at his death, and the real estate, which he directed by his will to be sold, is situate, part of it in New Jersey, and most of it in Missouri. The direction to sell covered these lands, but it was operative only at the death of the widow, an event which has now happened. If, during her life, the lands retained, as against the commonwealth, their original character, they were beyond the reach of the taxing power of this state: Commonwealth v. Coleman, 52 Pa. 468. If the direction to sell had been immediate, as in Williamson's Est., 153 Pa. 521, or, which is the same thing, if the exercise of the power was extended at the discretion of the executor, and in the interest of the estate, for three years after the death, as in Commonwealth v. Miller, 111 Pa. 321, then, under the rulings in both of those cases, the estate which passed from the testator would be personalty, and would be liable to the tax. In the case in hand, the estate which passed under the will was a freehold, and its situs was beyond the commonwealth; and neither its character nor its situs was possible of change during the life of the first taker. In its character as realty it was subject to any collateral inheritance tax, or other tax, which the legislature of the situs might choose to impose, and it was exempt, on the other hand, from any extra-territorial taxation. It was argued that the intervention of the life estate did not affect the result as to the parties in remainder, but that their interests vested at the death of the testator, and vested as personalty: Allison v. Wilson's Exrs., 13 S. & R. 330; Morrow v. Brenizer, 2 Rawle, 185; Burr v. Sim, 1 Whart. 252; McClure's Appeal, 72 Pa. 414. If this be conceded, there still remains in the case an element which is wanting in those which have been cited. The fund in Williamson's Estate, and Commonwealth v. Miller, supra, was to be brought within this jurisdiction, and it had become literally, in the words of the act, an estate passing from the testator within the commonwealth. The direction here is, that it shall be withheld from transmission into this commonwealth, and shall be invested in mortgages and real estate in St. Louis. It can hardly be said, in the face of this unqualified injunction of the testator, that the fund follows the person of the owner, and, while it is secured upon real

estate in Missouri, is nevertheless, by a legal fiction, transferred into Pennsylvania. To accede to this would compel us to hold that the substance of property may be taxed in one state and its shadow in another, a species of phantom legislation which, we believe, has not yet been recognized by the courts. It was within the power of the local tribunals to compel accounting in St. Louis, and to approve or disapprove the investments made by the executor, wholly regardless of what might be decreed in the premises by the courts of Pennsylvania. It follows from all this that, whether it bears the impress of realty or personalty, the estate is not subject to the imposition of the tax.

"The exceptions are accordingly dismissed."

*Error assigned* was above decree.

*S. Davis Page, E. P. Allinson, Bois Penrose, H. W. Page* and *W. U. Hensel,* attorney general, with him, for appellant, cited: Orcutt's Ap., 97 Pa. 185; Miller v. Com., 111 Pa. 321; Williamson's Est., 153 Pa. 508; Coleman's Est., 159 Pa. 231; McClure's Ap., 72 Pa. 414; Muhlenberg's Ap., 103 Pa. 587; Bright's Ap., 100 Pa. 602; Jones v. Caldwell, 97 Pa. 42; Mellon v. Read, 123 Pa. 1; Small's Est., 151 Pa. 7; Bittenger's Est., 129 Pa. 338; Dos Passos on Collateral Inheritance Tax, 100; Strode v. Com., 52 Pa. 181.

*R. O. Moon, John H. Sloan* with him, for appellee, cited: Miller v. Com., 111 Pa. 321; Act of May 6, 1887, P. L. 79; Com. v. Coleman's Admr., 52 Pa. 468; Allison's Exr. v. Wilson's Exrs., 13 S. & R. 332; Willing v. Peters, 7 Pa. 289; Parkinson's Ap., 32 Pa. 458; McClure's Ap., 72 Pa. 417; Nagle's Ap., 13 Pa. 260; Miller and Bowman's Ap., 60 Pa. 404; Page's Est., 75 Pa. 87.

PER CURIAM, April 16, 1894:

We agree entirely with the views expressed by the learned court below in this case, and we affirm the decree for the reasons stated in the opinion.